UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA KAHLENBERG,<br><br>                Plaintiff,<br><br>    v.<br><br>BAMBOO INSURANCE SERVICES, INC., et al.,<br><br>                Defendants. | Case No. 2:20-cv-06805-FLA (PDx)<br><br>**ORDER GRANTING PLAINTIFF AND CROSS-DEFENDANTS' MOTION TO JOIN DEFENDANT AND REMAND [DKT. 46]** |

## **RULING**

Before the court is Plaintiff Rita Kahlenberg ("Plaintiff" or "Kahlenberg") and Cross-Defendant Heidi Smith's, individually and as trustee of The Sherwood and Rita Kahlenberg Trust, ("Cross-Defendant" or "Smith") Motion to Join Defendant and Remand ("Motion"). Dkt. 46. For the reasons set forth below, the court GRANTS Plaintiff and Cross-Defendant's Motion and REMANDS this action to the Los Angeles Superior Court.

# BACKGROUND

Plaintiff alleges Defendant Catlin Insurance Company, Inc. ("Defendant" or "Catlin") issued a homeowner's insurance policy (the "Catlin policy") to Plaintiff and her late husband, Sherwood Kahlenberg, on July 24, 2019. Dkt. 43 (First Am. Compl., "FAC") ¶ 2. According to Plaintiff, her residence sustained water damage on September 22, 2019 and Defendant wrongfully denied Plaintiff full benefits due under the policy. *Id.* ¶¶ 1-2.

Plaintiff filed the original Complaint in this action in Los Angeles County Superior Court on June 25, 2020 against Defendants Bamboo Insurance Services, Inc. and Catlin. Dkt. 1 (Compl.).[1] Catlin removed the action to federal court on July 29, 2020 and simultaneously asserted a counterclaim for declaratory relief based on lack of coverage for the loss against Kahlenberg and Smith (collectively "Cross-Defendants"). Dkt. 1-3.

On October 9, 2020, Kahlenberg and Smith filed a Motion to Dismiss Catlin's Counterclaim, which became moot on October 16, 2020, when Catlin filed the First Amended Counterclaim ("FACC"). Dkts. 22, 26, 28. In the FACC, Catlin asserts two causes of action against Cross-Defendants for: (1) rescission; and (2) declaratory relief based on lack of coverage for the loss under the Catlin policy. Catlin seeks to rescind the policy on the grounds that Kahlenberg submitted a policy application containing false information, through her insurance agent, which Catlin relied upon in issuing the homeowners' policy to Kahlenberg. Dkt. 26 ¶¶ 5-11.

Cross-Defendants filed a Motion to Dismiss the FACC on October 30, 2020, which Judge Virginia A. Phillips granted in part and denied in part. Dkts. 31, 38. In their Motion to Dismiss, Kahlenberg and Smith argued Catlin's claim for rescission

---

[1] In their Notice of Removal, Defendants stated Plaintiff had erroneously sued "Bamboo Insurance Services, Inc.," as opposed to Bamboo IDE8 Insurance Services, LLC ("Bamboo IDE8"). Dkt. 1. The parties stipulated to dismiss Bamboo IDE8 on October 1, 2020. Dkts. 20, 21.

failed because "the insurance application was signed by the insurance agent," and not by Kahlenberg or Smith. Dkt. 31-1 at 10. The court rejected Kahlenberg and Smith's argument, explaining, "[a]s a matter of law, 'if the application was prepared by an insurance broker (the agent of the insured), the application's contents are the *insured's* responsibility.'" Dkt. 38 at 10 (quoting *Century Sur. Co. v. Robin Singh Educ. Servs., Inc.*, No. CV-06-8066 CAS (Ex), 2008 WL 11333841, at *8 (C.D. Cal. Apr. 14, 2008) (emphasis in original)). Accordingly, the court permitted Catlin to proceed on its counterclaim against Kahlenberg for rescission. *Id.* The court also permitted Catlin to proceed on its counterclaim against Smith for declaratory relief. *Id.* at 9.

On October 22, 2020, Judge Phillips entered a minute order setting trial and other pretrial dates, including February 22, 2021 as the "Last date for hearing motions to amend pleadings or add parties." Dkt. 29; *see also* Dkt. 33. The action was transferred to this court on January 5, 2021. Dkt. 40. On January 26, 2021, the parties filed a stipulation for Plaintiff to file the FAC and continue case deadlines. Dkt. 43. The court granted the stipulation in part and allowed Plaintiff to file the FAC but denied in part the stipulation to continue deadlines, explaining Plaintiff had only offered "general statements regarding diligence" and, accordingly, had not established good cause for the requested continuance. *Id.* at 3.

Plaintiff filed the present Motion on February 19, 2021, with a noticed hearing date of April 9, 2021. Dkt. 46, 46-1 ("Mot. Br.").[2] Plaintiff seeks to join Demian Insurance and Financial Services, Inc. ("Demian"), which was allegedly Plaintiff's insurance broker for the policy, and to assert causes of action for breach of fiduciary duty and professional negligence against this proposed Defendant. Dkt. 46. According to Plaintiff, Demian and Bamboo IDE8 are necessary parties because Catlin's counterclaim for rescission against Kahlenberg is premised on the allegation

---

[2] For ease of reference, the court hereafter refers to the moving parties simply as "Plaintiff."

that Kahlenberg signed the insurance application, but Demian was the entity that drafted and signed the application, while Bamboo IDE8 processed it and adjusted the claim. Mot. Br. 1. According to Plaintiff, joinder of Demian and Bamboo IDE8 would destroy complete diversity and deprive the court of subject-matter jurisdiction under 28 U.S.C. § 1332, requiring remand of the action to state court. *Id.*

Catlin opposes Plaintiff's Motion, arguing the Motion is untimely under the Scheduling Order and that Plaintiff has not established good cause for the court to allow a belated amendment. Dkt. 53 at 1 (citing Fed. R. Civ. P. 16(b)(4)). On reply, Plaintiff argues the court should grant the Motion because she meets the requisite good cause standard and Catlin failed to address Plaintiff's substantive arguments regarding joinder, in its opposition, and concedes the point. Dkt. 55.

Plaintiff's proposed Second Amended Complaint ("SAC") does not assert any causes of action against Bamboo IDE8. *See generally* Dkt. 46-2 (Tucker Decl.) Ex. I ("Proposed SAC"). Accordingly, the court will only consider the parties' arguments with respect to Demian.

The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

## **TIMELINESS**

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.* Courts in the Ninth Circuit typically consider three factors when determining whether a party has demonstrated good cause: (1) whether the party was diligent in creating the scheduling order; (2) whether the party's noncompliance with the scheduling order occurred notwithstanding diligence efforts to comply, because of the development of matters which could not have been reasonably foreseen at the time the scheduling order was entered; and (3) whether the party was diligent in

seeking amendment of the order once it became apparent the party could not comply. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Catlin argues Plaintiff's Motion is untimely and that Plaintiff has failed to demonstrate diligence. Opp. 4-6. Under the Scheduling Order, the deadline for a hearing on a motion to join additional parties was February 22, 2021. Dkt. 33. Plaintiff filed the instant motion on February 19, 2021 with a hearing date of April 9, 2021. *Id.*; Dkts. 33, 46. Catlin, thus, argues the Motion is untimely. Opp. 5. Further, Catlin contends Plaintiff has not demonstrated diligence because Plaintiff did not promptly move to join Demian and delayed filing the subject Motion until February 19, 2021, despite recognizing the need to join Demian as of December 21, 2020, following the court's December 14, 2020 order holding that Catlin's counterclaim for rescission would proceed. *Id.*

Plaintiff responds she satisfies the three factors set forth in *Jackson*, 186 F.R.D. at 608, and has demonstrated diligence. Dkt. 55 (Reply) at 1-5. First, Plaintiff argues she was diligent in creating the original scheduling order. Reply 1-2; Dkt. 26. Second, Plaintiff argues any noncompliance with the Scheduling Order was due to unforeseen circumstances that arose after she submitted the joint report. Reply 2. According to Plaintiff, she filed timely a motion to dismiss the counterclaim on October 30, 2020, which she reasonably believed would be granted and would obviate the need to join Demian in this litigation. Reply 2 (citing Dkt. 31).

Third, Plaintiff argues she was diligent once it became clear she could not comply with the Scheduling Order. Plaintiff notes that even before the court permitted the rescission cause of action to proceed on December 14, 2020, she subpoenaed documents from each of the entities involved in obtaining the insurance policy to determine which entity supplied the information on the application to the broker. *Id.* at 3. According to Plaintiff, she did not receive responses to the subpoenas by January 13, 2021, which delayed Plaintiff's ability to move to join a new defendant. Reply 3.

Plaintiff further states she began the meet and confer process with Defendant regarding amendment beginning on December 21, 2020 and that the parties agreed to jointly ask the court to extend dates in the litigation to enable the parties to identify the correct parties to join. *Id.* at 3-4. After meeting and conferring regarding the stipulation, the parties requested the court amend the Scheduling Order through a joint stipulation filed on January 22, 2021. *Id.* at 4. According to Plaintiff, she did not immediately file the Motion after the court denied the parties' joint request on January 26, 2021, because her counsel contacted Defendant's counsel to discuss voluntarily dismissing the federal case and refiling in state court. *Id.* (citing Dkt. 46-2 ("Tucker Decl.") ¶ 10, Ex. G). While Defendant's counsel provisionally agreed to her proposal, pending his client's consent, Defendant ultimately declined to consent to voluntary dismissal on February 12, 2021. Plaintiff filed the instant motion on February 19, 2021. Dkt. 46.

Plaintiff's efforts to investigate the need to join additional defendants and to meet and confer with Defendant regarding amending the Scheduling Order and potential alternatives to amendment demonstrate sufficient diligence to establish good cause for the court to consider the Motion on its merits. The court, thus, finds the subject Motion timely and will not deny it on this basis

## DISCUSSION

### I. Legal Standard

Pursuant to 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." *IBC Aviation Servs. v. Compañia Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). "Under § 1447, whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the court." *Id.* Courts generally consider six factors to determine whether to permit joinder of a non-diverse defendant after removal: (1) whether the party sought to be joined is

needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *Id.* The court considers each factor in turn.

### A. Whether Demian Is a Required Party Under Fed. R. Civ. P. 19(a)

Fed. R. Civ. P. 19(a) governs the joinder of persons required to be joined "if feasible." A putative party is a "required" party if (1) the court cannot accord complete relief among existing parties in the putative party's absence, or (2) the putative party claims an interest relating to the action and is so situated that proceeding in its absence may impair or impede its ability to protect the interest, or leave an existing party subject to substantial risk of duplicative or inconsistent obligations. Fed. R. Civ. P. 19(a); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. ENC Corp.*, 464 F.3d 885, 891 (9th Cir. 2006), *rev'd on other grounds sub nom. Republic of Philippines v. Pimentel*, 553 U.S. 851 (2008). The court is permitted to apply "a less restrictive standard" under Rule 19(a) in deciding whether to remand after removal under 28 U.S.C. § 1447(e). *See IBC Aviation Servs.*, 125 F. Supp. 2d at 1011-12 ("Although courts consider whether a party would meet Fed. R. Civ. Proc. 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19.").

In light of Catlin's counterclaim for rescission against Plaintiff for misrepresentations on the insurance application, Plaintiff argues Demian is a required party under Rule 19(a) because a Demian employee prepared and signed the insurance application. Mot. Br. 8. As Plaintiff explains: "The entire crux of the rescission cause of action is the insurance application. Without it, there is no cause of action. And the application was the responsibility of Demian." *Id.* at 9-10. According to Plaintiff, "[i]n the event that Plaintiff is unable to join Demian in this action, Plaintiff will be

forced to sue Demian separately in state court to protect her interests," and Demian would likely seek to join Catlin. *Id.* Plaintiff further argues the parties would litigate "the same facts and legal issues in two courts," which may result in inconsistent rulings. *Id.* at 9. The court agrees and finds that this factor weighs in favor of joinder.

### B. Whether a Statute of Limitations Would Bar an Independent Action Against Demian

Plaintiff states there are no statutes of limitations that would prevent her from bringing an original action against Demian. Mot. Br. 10. Accordingly, this factor weighs against joining Demian.

### C. Timeliness of Amendment

Plaintiff argues her amendment joining Demian is timely because she acted diligently since she first learned of Catlin's rescission claim in October 2020, when Catlin filed the FACC. Mot. Br. 4, 10-11; Dkt. 26. For similar reasons as stated above regarding timeliness and good cause under Fed. R. Civ. P. 16(b)(4), the court finds Plaintiff's amendment is timely. This factor weighs in favor of joining Demian.

### D. Plaintiff's Motive for Joinder

Plaintiff argues she does not seek to add Demian as a sham defendant, solely for the purpose of defeating complete diversity. Mot. Br. 11. According to Plaintiff, the only reason she seeks to join Demian is because Catlin's rescission counterclaim requires the involvement of Demian as a necessary party. *Id.* at 1-2, 4.

While Plaintiff originally filed the action in state court and may have preferred to litigate in that forum, the court cannot conclude Plaintiff seeks to join Demian solely for the tactical purpose of returning to state court. Moreover, as Plaintiff explains, her conduct in moving to dismiss the counterclaim for rescission rather than filing the subject Motion at an earlier date suggests she did not file the Motion solely to return to state court. Thus, the court cannot conclude Plaintiff's motives are "anything other than avoidance of the inefficiency and expense of multiple actions."

*Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000). This factor weighs in favor of joining Demian.

### E. Strength of Plaintiff's Claims Against Demian

"To state a facially viable claim for purposes of joinder under section 1447(e), a plaintiff need not allege a claim with particularity or even plausibility. Instead, 'under section 1447(e), the Court need only determine whether the claim 'seems' valid.'" *Dordoni v. FCA US LLC*, Case No. 5:20-cv-20-1475-JGB (SHKx), 2020 U.S. Dist. LEXIS 191483, at *12 (C.D. Cal. Oct. 15, 2020) (citation omitted); *see also Sabag v. FCA US, LLC*, Case No. 2:16-cv-06639-CAS (RAOx), 2016 U.S. Dist. LEXIS 154346, at *16 (C.D. Cal. Nov. 7, 2016) ("In considering the validity of plaintiff's claims, the court need only determine whether the claim seems valid which is not the same as the standard in either a motion to dismiss or a motion for summary judgment.") (internal quotation marks, brackets, and citation omitted).

Plaintiff states she intends to bring a claim against Demian for negligence and breach of fiduciary duty. Mot. Br. 12. Ordinarily, an insurance agent assumes only those duties normally found in any agency relationship, including the obligation to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured. *Jones v. Grewe*, 189 Cal. App. 3d 950, 954-55 (1987). California courts have noted, however, that an agent or broker assumes a fiduciary duty when it "assumes an additional duty." *Fitzpatrick v. Hayes*, 57 Cal. App. 4th 916, 918 (1997); *Jones*, 189 Cal. App. 3d at 954-55. An agent may assume additional duties by an express agreement or a holding out by the agent to assume a greater duty to the insured. *Jones*, 189 Cal. App. 3d at 954-55; *Paper Savers, Inc. v. Nacsa*, 51 Cal. App. 4th 1090, 1096 (1996). Accordingly, the agent may be liable to the insured for losses which resulted as a breach of the additional, special duty. *Jones*, 189 Cal. App. 3d at 954-55.

According to Plaintiff, "Demian assumed an additional duty when it chose to complete the insurance application on Plaintiff's behalf without seeking her or her

husband's input on the contents of the application, and submitting it with the agent's signature rather than the insured's. By doing so, it created a fiduciary duty which it breached by failing to confirm that the information it submitted was accurate." Mot. Br. 13. Without assessing the ultimate merits of her claims, the court finds Plaintiff may have valid claims against Demian for negligence and breach of fiduciary duty. This factor weighs in favor of amendment. *See Dordoni*, 2020 U.S. Dist. LEXIS 191483, at *12 (explaining plaintiff's allegations stated a claim against putative defendant that "seems valid" and concluding factor weighed in favor of joining new defendant).

### F. Prejudice to Plaintiff if the Court Denies Plaintiff's Request

The court must finally assess whether Plaintiff will suffer undue prejudice if the court grants or denies her request. *IBC Aviation Servs*., 125 F. Supp. 2d at 1013. Plaintiff argues the age of the action and possible inconvenience to the parties weigh in favor of amendment. Mot. Br. 13. First, Plaintiff argues no party will suffer prejudice if her motion is granted because the action has not progressed far from the pleading stage and discovery has only just begun. *Id*. According to Plaintiff, Catlin would not suffer prejudice because remand would alleviate Catlin from the burden of litigating in two forums. *Id*. In addition, Defendant does not respond to this argument or argue that it would suffer prejudice from the amendment. Accordingly, this factor weighs in favor of joinder.

Plaintiff further argues she will suffer prejudice if the court denies her request because she will be forced to litigate in two forums or forgo her potential claims against Demian, which should militate in favor of permitting amendment. Mot. Br. 13 (citing *IBC Aviation Servs*., 125 F. Supp. 2d at 1013). The court finds Plaintiff's argument persuasive. Were the court to deny Plaintiff's request, Plaintiff would face the choice of pursuing additional litigation in state court or forgoing her claims against Demian. The underlying facts in this action would likely substantially overlap with a

second action in state court, which may prejudice Plaintiff and waste judicial resources. *See IBC Aviation Servs.*, 125 F. Supp. 2d at 1013.

In sum, Plaintiff establishes no party will suffer prejudice if the court allows joinder and that Plaintiff will suffer prejudice if the court denies Plaintiff's request. This factor weighs in favor of joinder.

### G. Weighing All Factors

Weighing all the foregoing factors, the court finds Plaintiff may amend the complaint and join Demian. Demian is a required party because litigating in two forums risks inconsistent rulings, and amendment and remand would conserve judicial resources insofar as one court, rather than two, would provide a forum for the parties to litigate their claims involving substantially overlapping facts. Plaintiff has demonstrated she does not seek to join Demian as merely a sham defendant for tactical purposes, and that she has at least a facially valid claim against Demian. No party would likely suffer prejudice if Plaintiff were allowed to join Demian and litigate in state court, while Plaintiff may suffer prejudice were the court to deny the Motion. Indeed, as Catlin failed to address any of Plaintiff's arguments regarding joinder, Catlin appears to concede it would not suffer any prejudice were the court to remand this action. After considering all factors, the court finds Plaintiff has demonstrated good cause exists for the court to allow the joinder of Demian and to remand the action to state court.

The court, therefore, GRANTS Plaintiff's Motion with respect to Plaintiff's request to join Demian as an additional Defendant.

## II. Amendment Regarding Plaintiff's "Bad Faith" Allegations

Defendant contends Plaintiff's proposed SAC seeks to add a new "bad faith" claim against Catlin based on its filing of the counterclaim for rescission in the FACC. Dkt. 53 at 6-7 (citing Dkt. 46-2 (Tucker Decl. Ex. I (Proposed SAC) ¶¶ 4, 43)). Catlin argues the court should deny Plaintiff leave to include this allegation in the proposed SAC because Plaintiff failed to meet and confer with Catlin regarding the potential

amendment and because the amendment is futile. Opp. 6-8. Plaintiff argues she is not asserting any new claims, the allegation was already mentioned in paragraph 37 of the FAC, and that she attempted to meet and confer on this issue with "daily emails" to which Defendant "refus[ed] to respond." Dkt. 43 (FAC) ¶ 37; Reply 10.

Plaintiff did not request to amend the FAC to add these allegations in her motion. The court declines to grant relief not requested or supported by citation to authority. Thus, the court DENIES Plaintiff's motion to amend the FAC to add the allegations in paragraphs 4 and 43 of the proposed SAC.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS Plaintiff's Motion to join Demian and REMANDS the action to the Los Angeles Superior Court. In light of the court's order, the court DENIES AS MOOT all pending motions and applications. Dkts. 71, 80, 83.

IT IS SO ORDERED.

Dated: June 15, 2021

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge